UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO CARNALLA, | No. 2:23-cv-01799-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court grants that application and will screen the complaint.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that, on an unknown date, an unidentified correctional officer placed handcuffs too tightly on his wrists, causing pain and loss of blood circulation. The correctional officer refused to remove or loosen the cuffs when plaintiff complained of pain, as did two additional unidentified correctional officers.

1  "[P]ursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names of all
2  parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 U.S. Dist. LEXIS 46601, 2011
3  WL 1597686, at *3 (D. Colo. Apr. 27, 2011), aff'd, 456 F. App'x 718 (10th Cir. 2012).  The
4  Federal Rules of Civil Procedure "do not explicitly allow the naming of fictitious or anonymous
5  parties in a lawsuit," thus, "an action may be dismissed if the defendant is not sufficiently
6  identified to permit service of process." *Id*. (quotation omitted).

7  Plaintiff must use administrative processes available at his institution to obtain the names
8  of the three correctional officers he sues as John Does.  The court cannot order service on an
9  unknown party.  Accordingly, the court will dismiss plaintiff's complaint with leave to file an
10  amended complaint identifying at least one defendant.  If plaintiff cannot determine the identity
11  of any defendant, he must inform the court of what efforts he has undertaken to do so.

12  <u>Leave to Amend</u>

13  Plaintiff may choose to amend his complaint.  He is cautioned that any amended
14  complaint must identify as a defendant only persons who personally participated in a substantial
15  way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir.
16  1978) (a person subjects another to the deprivation of a constitutional right if he does an act,
17  participates in another's act or omits to perform an act he is legally required to do that causes the
18  alleged deprivation).  Plaintiff may also include any allegations based on state law that are so
19  closely related to his federal allegations that "they form the same case or controversy." *See* 28
20  U.S.C. § 1367(a).

21  The amended complaint must also contain a caption including the names of all defendants.
22  Fed. R. Civ. P. 10(a).

23  Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*
24  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring unrelated claims against
25  multiple defendants. *Id.*

26  Any amended complaint must be written or typed so that it so that it is complete in itself
27  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
28  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

3

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order. If plaintiff cannot determine the identity of any defendant within that time period, he must file with the court a notice describing the efforts he has made to do so, also within 30 days of service of this order.

4. Failure to comply with this order may result in dismissal of this action.

Dated: November 28, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4